## Marburger v. Lyons Sawmill and Logging Equipment Co.

*Barbara Flum Stein,* for plaintiff.

*Robert P. Reed,* for defendant Lyons Sawmill and Logging Equipment Co.

*Steven D. Snyder,* for defendant Mellott Manufacturing Co. Inc.

DOWLING, *J.,* June 10, 1988—Predictions form the basis of defendants' summary judgment motions. The U.S. Court of Appeals, Third Circuit has forecast that the Commonwealth of Pennsylvania will adopt its ruling on damages recoverable for negligence and strict liability to the abandonment of prior state decisions.

We would never be so presumptuous as to prophecy what the federal courts might do; and therefore with all due respect to the Republic, we must stand on one of the lonely ramparts of states' rights and decline to join the "feds."

We realize that in one of the branches of the federal government, prognostication of horoscopic nature is in vogue, but we cannot let any zodiacal influence permeate the judiciary. This soothsaying is dealt with admirably by William of Stratford in his masterpiece, *King Lear,* a tale of one who has survived his faculties. Edmund, bastard son to the Duke of Gloucester, exclaims:

"This is the excellent foppery of the world, that when we are sick in fortune — often the surfeits of our own behavior — we make guilty of our disasters the sun, the moon, and stars, as if we were villains on necessity, fools by heavenly compulsion, knaves, thieves, and treachers by spherical predominance; drunkards, liars, and adulterers by an enforc'd obedience of planetary influence; and all that we are

evil in, by a divine thrusting on. An admirable evasion of whoremaster man, to lay his goatish disposition on the charge of a star!"*

Mr. Marburger is the owner/operator of a sawmill. On January 26, 1986, a fire occurred in one of the cab operating booths as a result of which he suffered property damage and loss of profits and production time. Plaintiff has brought this action against both the seller of the cab (Lyons) and the manufacturer (Mellott) in a three-pronged complaint alleging negligence, strict liability, and breach of warranty, averring that the fire was occasioned by a short circuit in the air conditioning unit which was supplied as part of the cab.

The main thrust of defendant Mellott's motion for summary judgment is that plaintiff's damages are economic losses and are not recoverable in tort; hence, the counts for negligence and strict liability must be ruled out. It also attacks the breach of warranty theory on lack of privity and unforeseeable consequences. Defendant Lyons has joined with Mellott in its attack on the tort claims, although it is in opposition on the breach of warranty position.

Mellott and Lyons take the position that plaintiff's tort counts are governed by *Aloe Coal Company v. Clark Equipment Company,* 816 F.2d 110 (3d Cir. 1987). In that case, plaintiff Aloe purchased a tractor shovel from defendant Clark Equipment, the manufacturer, which after several years was destroyed by a fire of unknown origin. The action was based on theories of negligence, strict liability and breach of warranty. The district court entered judgment on a jury verdict finding the manufacturer 65 percent negligent and plaintiff 35 percent negligent. The court of appeals first held that plaintiff did

* Act I, Scene 2.

not present sufficient evidence of causation to submit its negligence claim to the jury. In the course of the opinion in what could be considered dicta, it discussed the question of whether the Pennsylvania courts would permit a purchaser of equipment to bring a tort action against the manufacturer for damages to the product. The court noted that in the context of *admiralty law,* the Supreme Court in *East River S.S. Corp. v. Transamerica Delaval Inc.,* ____ U.S. ____, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), had rejected the Circuit Court's previous position as set forth in *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165 (3d. Cir. 1981), where the circuit court had held that whether product damages were economic and therefore not recoverable in tort, depended upon the nature of the defect, the type of risk, and the manner in which the injury arose. The *Aloe* decision stated:

"In *East River,* the Supreme Court, sitting in admiralty, held that 'a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.' ____ U.S. at ____, 106 S.Ct. at 2302. In so holding, the court adopted in principle the majority rule of *Seely v. White Motor Co.,* 63 Cal.2d 9, 403 P.2d 145, 45 Cal.Rptr. 17 (1965), which precludes courts from imposing tort liability on a manufacturer if a defective product injures only itself. The court labeled our *Pennsylvania Glass Sand* formulation an 'intermediate' approach and rejected our position as 'unsatisfactory':

" 'The intermediate positions, which essentially turn on the degree of risk, are too indeterminate to enable manufacturers easily to structure their business behavior. Nor do we find persuasive a distinction that rests on the manner in which the product

is injured. We realize that the damage may be qualitative, occurring through gradual deterioration or internal breakage. Or it may be calamitous . . . . But either way, since by definition no person or other property is damaged, the resulting loss is purely economic. Even when the harm to the product itself occurs through an abrupt,. accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain — traditionally the core concern of contract law.' ____ U.S. at ____, 106 S.Ct. at 2302.

. . .

"We now predict that Pennsylvania courts, although not bound to do so, would nevertheless adopt as state law the Supreme Court's reasoning in *East River.*" *Aloe, supra.*

Defendants focus only on the Third Circuit's prognostication and omits the further statement:

"We under completely that the *East River* holding is not binding on Pennsylvania courts because the Supreme Court's decision was based on an interpretation of Federal Admiralty Law only. The United States Supreme Court is supreme in matters of federal law; the Pennsylvania Supreme Court is supreme in matters of Pennsylvania law." Aside from the non-binding averment and the dictum nature of the pronouncement, there are critical factual distinctions. In *Aloe,* as in *East River,* the damage was confined to the defective product itself, which appears to be the basis for concluding that the loss was purely economic. "Since *Aloe* sought damages for the replacement costs of the defective product, its loss was purely economic." In the instant case, the damages are not only for the product, but for loss of profits and loss of production. The Supreme

Court explained in *East River* that where the defective product injures only itself, the reasons for imposing a tort duty are weak.

There is also an interesting district court decision subsequent to *Aloe* which reinforces the point that *Aloe* is limited to situations where plaintiffs loss is of the defective product itself. In *Hammermill Paper Co. v. C.T. Main Construction, Inc.,* 664 F.Supp. 816 (W.D. Pa. 1987), it was stated:

"In the case at hand, as in *Aloe Coal Co.,* plaintiff seeks neither damages for personal injuries, nor for property damages other than loss of the defective super heater tubes. No other component of the boiler was damaged."

In contrast to the *Aloe* case and its shaky underpinnings (as applied to the instant factual situation), the law in Pennsylvania as announced by our Superior Court clearly permit recovery on negligence and strict liability theories in the instant case. See *Industrial Uniform Rental Co. v. International Harvester Co.,* 317 Pa. Super. 65, 463 A.2d 1085 (1983) and *Johnson v. General Motors Corp.,* 349 Pa.Super. 147, 502 A.2d 1317 (1986).

Although the Third Circuit seemed to think otherwise, the Pennsylvania Supreme Court has addressed this issue. In the famous case of *Kassab v. Central Soya,* 432 Pa. 217, 246 A.2d 848 (1968), the Pennsylvania Supreme Court discussed recovery under a strict liability theory when there is only property damage. In a footnote the court used the example of an exploding gas stove, and stated that under section 402(a) plaintiff could recover the cost of repairing or replacing the stove along with recovery for repairing the buyer's kitchen and added that there seemed to be no reason for excluding this measure of damages in a 402(a) action, since the defective product itself is as much property as any

other that is damaged as a result of a manufacturing flaw. *Id.* at 231, 246 A.2d at 855.

Defendant Mellot attempts to bar plaintiff's breach of warranty claim on a basis of lack of privity, but this issue was settled 20 years ago. In *Kassab v. Central Soya, supra,* our Supreme Court said, "Vertical privity can no longer commend itself to this court."

Nor has the intervening two decades in any way eroded the Supreme Court's position. See *Williams v. West Penn Power Co.,* 502 Pa. 557, 467 A.2d 811 (1983). The case cited by defendant for its position, *Johnson v. General Motors Corp.,* 349 Pa. Super. 147, 502 A.2d (1985), concerns itself with horizontal privity, i.e., who can sue, not who can be sued. This is as different from vertical privity as astrology from astronomy.

Finally, both defendants ask for partial summary judgment with respect to the consequential economic damages in the form of lost profits, taking the position that as a matter of law they are not reasonably foreseeable. But the question of foreseeability is a factual one to be determined by the jury as was done in the very case relied upon by defendants, *Bozzo Inc. v. Electric Weld Division,* 283 Pa.Super. 35, 423 A.2d 702 (1980).

We are mindful of mythology's most famous prophetess Cassandra who refused Apollo's advances, whereupon he brought it to pass that no one believed her predictions although they were invariably correct. Nevertheless, finding no merit, celestial or otherwise, in defendants' request and trusting the sun, moon and stars are in proper juxtaposition, we are fain to enter the following

## ORDER

And now, this June 10, 1988, defendants' motions for summary judgment are denied.